IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES M. ROBINSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-147 GMS |
| ) | |
| ST. LT. COSTELLO and SGT. MONTIE ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

I.   INTRODUCTION

Charles M. Robinson ("Mr. Robinson") is presently incarcerated at the Delaware Correctional Center (the "D.C.C."), in Smyrna, Delaware. On January 29, 2003, Mr. Robinson filed a *pro se* civil rights action, pursuant to 42 U.S.C. § 1983. (D.I. 2.) Mr. Robinson is seeking both compensatory and punitive damages from Lieutenant Costello and Sergeant Montie (the "Defendants"), who were correctional personnel at the Sussex Violation of Probation Center ("SVOP") during Mr. Robinson's incarceration in 2003. On September 30, 2004, the court dismissed this case for failure to exhaust administrative remedies. (D.I. 51.) After Mr. Robinson appealed, the Third Circuit vacated and remanded for further proceedings. (D.I. 53.) On April 28, 2005, the court granted Mr. Robinson's motion to appoint counsel. (D.I. 57.) On June 29, 2005, the court recognized the agreement of representation by James S. Green, Jr., on behalf of Mr. Robinson. (D.I. 66.) The defendants' filed the pending motion for summary judgment, on May 12, 2006. (D.I. 93.) For the following reasons, the court will grant in part and deny in part the motion for summary judgment.

II.     BACKGROUND

Mr. Robinson alleges that sometime in January 2003, while incarcerated at the SVOP, the Defendants called Mr. Robinson into an office and argued with and yelled at him. (D. I. 2, 95.) He alleges that he was then grabbed around the neck and slammed into filing cabinets and the wall, by one or both of the Defendants. (D.I. 2 at 3.) Mr. Robinson does not claim to know of any third party witness to the meeting itself; however, he claims that a pod-mate by the name of Elwood Willis, witnessed his injuries upon Mr. Robinson's return from the meeting with the Defendants. (D.I. 95 at 8.) Mr. Robinson also alleges that the Defendants threatened that if he said anything about the incident to anyone else, the Defendants would harm both Mr. Robinson and his wife. (D. I. 2, 95.) In subsequent filings with the court, Mr. Robinson states that the formal grievance procedure was unavailable to him because Lieutenant Costello is the designated grievance officer. (D.I. 39.) Nonetheless, Mr. Robinson allegedly reported the incident to Internal Affairs. (*Id*.)

The Defendants submit that because Mr. Robinson was known in the prison system as a "snitch," he was moved often for his safety and protection. (D.I. 94 at 2.) The Defendants claim that because of Mr. Robinson's behavior, and the problem that frequently moving him created for correctional personnel, the Defendants called Mr. Robinson into the Lieutenant's office for a "behavior talk." (D.I. 94 at 8.) This meeting was an effort by the Defendants to speak to Mr. Robinson about his behavior as a snitch, and their concern that his behavior was going to place him in danger from other offenders at the center. (D.I. 94 at 2.) The Defendants' deny touching Mr. Robinson. (*Id*.)

III.   STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Boyle v. County of Allegheny Pa.*, 139 F.3d 386, 392 (3d Cir. 1998). Thus, summary judgment is appropriate only if the moving party shows there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. *Boyle*, 139 F.3d at 392. A fact is material if it might affect the outcome of the suit. *Id.* (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986)). An issue is genuine if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. *Id.* In deciding the motion, the court must construe all facts and inferences in the light most favorable to the non-moving party. *Id.*; *see also Assaf v. Fields*, 178 F.3d 170, 173-74 (3d Cir.1999).

IV.   DISCUSSION

   A.   Weight of the Evidence

The Defendants argue that summary judgment should be granted because Mr. Robinson's allegations "lack any indicia of credibility and have no evidentiary support." The Defendants buttress their position by citing the following: 1) Mr. Robinson cannot remember when the alleged event occurred; 2) there are no records of the injuries Mr. Robinson claims to have suffered; 3) Mr. Robinson and his witness, Mr. Willis, did not share a housing unit long enough for the witness' statements to be considered truthful; and, 4) the defendants' concern about Mr. Robinson's safety provides a rational explanation for their decision to meet with Mr. Robinson, and talk to him about his behavior that was placing him in jeopardy. In response, Mr. Robinson argues that there remains

a genuine issue of material fact, namely whether an assault took place in the private meeting between Mr. Robinson and the Defendants. Further, Mr. Robinson submits that the Defendants' motion rests on issues of credibility, which are determinations for the jury. The court agrees.

First, while it may appear telling that Mr. Robinson does not recall the exact date of the alleged assault, his failure to remember does not make his claim fatal. The crux of Mr. Robinson's claim is that the Defendants physically assaulted him and caused him injury. The court does not minimize the importance of dates and times in substantiating claims; however, Mr. Robinson may be able to prove circumstantially that the assault and injury occurred, even in the absence of identifying a specific date and time.

Second, Mr. Robinson alleged that the Defendants threatened his personal safety, and that of his wife, if he told anyone about what happened. Construing Mr. Robinson's allegations in his favor, a rational trier of fact could conclude that Mr. Robinson's fear of repercussions provides a reasonable explanation for his failure to immediately report the incident, and consequently, a lack of an official record of injury or medical care.

The existence of witness testimony is perhaps most problematic for the Defendants' summary judgment motion. Contrary to the Defendants' argument that "[e]ven after the development of the record through discovery, Robinson's allegations remain unsupported by any evidence" (D.I. 94 at 6), Mr. Willis's deposition testimony, on behalf of Mr. Robinson, constitutes evidence. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2722, at 373 (3d ed. 1998) (noting that depositions are "one of the best forms of evidence for supporting or opposing a summary-judgment motion"). The Defendants invite the court to weigh this evidence, and related evidence, against attorney argument that casts doubt as to

Mr. Willis's credibility and the circumstances that arguably would have prevented Mr. Willis from providing truthful testimony.

As the court has previously stated, in addressing Mr. Robinson's first motion for appointment of counsel, "[t]his case does appear to rest, at least in large part, on determinations of credibility. Because the record does not contain any indication of tangible evidence to prove the facts asserted, it appears that Robinson's case will largely be based on his own testimony and the testimony of others." (D.I. 41.) Now that the record is more developed,[1] the court is more confident of its previous assessment.

As the Defendants have acknowledged, "[g]enerally, the court should not assess credibility on summary judgment." (D.I. 94 at 5.) *See also Doeblers' Pennsylvania Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 (3d Cir. 2006) ("A District Court should not weigh the evidence and determine the truth itself, but should instead determine whether there is a genuine issue for trial."). The court does not find any compelling reason to depart from this general rule. For purposes of summary judgment determination, the court must construe all facts in the light most favorable to the non-moving party. The court also recognizes the defendants' own admission that prison officials use informal disciplinary tools, including "behavior talks" that involve "bringing awareness to an offender in a very stern and firm way." (D.I. 95 at 1 *citing* Montee Dep. 33:15 - 35:4). In view of these circumstances, the court cannot cast Mr. Robinson's allegations as irrational or wholly incredible, as the Defendants insist.

---

[1] The court also notes that discovery was reopened in February 2007 for the limited purpose of taking the depositions of two inmates, who Mr. Robinson intends to call as witnesses. (D.I. 97.) The court also believes summary judgment inappropriate in light of this later discovery, which was conducted well after the close of summary judgment briefing.

B.	Prior Showing of Physical Injury Under the Prison Litigation Reform Act

The Defendants also argue that Mr. Robinson is precluded from bringing suit by operation of the Prison Litigation Reform Act ("PLRA"), codified at 42 U.S.C. § 1997e. The Defendants claim that "[w]ithout proof of physical injuries, Robinson has no viable claim." (D.I. 94 at 17.) In their memorandum in support of their summary judgment motion, the Defendants claim that Mr. Robinson has no evidence of physical injury, yet, in an effort to discredit its existence, they go on to describe the evidence of physical injury adduced during discovery. (D.I. 94 at 18-20.)

Section 1997e(e) acts as a limitation on recovery[2] but does not, in itself, support summary judgment or as the Defendants proffer, preclude suit. As the Third Circuit pronounced in *Mitchell v. Horn*, "regardless how [the court] construe[s] § 1997e(e)'s physical injury requirement, it will not affect [the prisoner's] ability to seek nominal or punitive damages for violation of his constitutional rights." 318 F.3d 523, 533 (3d Cir. 2003). Here, Mr. Robinson seeks compensatory and punitive damages for both physical and mental abuse. Accordingly, the court disagrees with the Defendants' contention that Mr. Robinson's claim is not viable, regardless of whether his evidence of physical injury is ultimately deemed credible or rejected as unreliable.

Moreover, in *Mitchell*, the Third Circuit's ruling was in the context of an appeal after the district court dismissed the matter at the pleading stage. At that stage, the Court held that the plaintiff had not stated a claim for physical injury, but granted him leave to amend his complaint in

---

[2]Section 1997e(e) provides: **"Limitation on recovery**. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

order to do so. Based on the record in this case, the court finds it appropriate to permit Mr. Robinson's pleadings to be amended to conform to the evidence, pursuant to Fed. R. Civ. P. 15(b).[3]

Finally, unlike the case in *Mitchell*, where the litigants appear to have argued, and the district court apparently decided, the issue of whether the plaintiff had met the physical injury requirements of § 1997e(e), the Defendants in this case raise the issue for the first time in a motion for summary judgment. The Defendants filed a motion to dismiss in this matter, and failed to raise in that motion the argument that Mr. Robinson did not demonstrate a prior showing of physical injury. (D.I. 37.) The court concludes that the Defendants' failure to raise this issue at the pleading stage constitutes a waiver.

      C.      Eleventh Amendment Immunity

The Defendants argue that the Eleventh Amendment bars suits brought against them in their official capacities. The doctrine of sovereign immunity bars suits for monetary damages against state employees in their "official capacities," absent waiver or Congressional override. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). There is no evidence that § 1983 intended to effect a Congressional override of state sovereign immunity. The statute has been held not to "provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Section 1983 authorizes suits against "persons," and a suit against a state official is "no different than a suit against a state itself." *Id.* at 71. "The state itself [is not] a person that Congress intended to be subject to liability."

---

[3]"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues." Fed. R. Civ. P. 15(b).

*Id.* at 68. Further, there is no indication that the State of Delaware has abrogated its sovereign immunity with respect to § 1983 claims.

Mr. Robinson's complaint is silent as to whether his suit is against the named Defendants in their official capacities. To the extent Mr. Robinson intended to bring suit against the Defendants in their individual capacities, those claims survive. The court will, however, grant summary judgment with respect to any official capacity claims.

V.  CONCLUSION

The court will grant summary judgment only to the extent that Mr. Robinson asserts claims against the Defendants in their official capacities. The court rejects all other stated grounds for summary judgment. Accordingly, the case will proceed against the Defendants, as individuals.

Dated: March 2, 2007                              /s/ Gregory M. Sleet
                                                   UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES M. ROBINSON )<br><br>Plaintiff, )<br><br>v. )<br><br>ST. LT. COSTELLO, SGT. MONTIE and )<br>STAN TAYLOR )<br><br>Defendants. ) | Civil Action No.  03-147 GMS |

## **ORDER**

IT IS HEREBY ORDERED THAT:

The Defendants' motion for summary judgment (D.I. 93) is GRANTED IN PART and DENIED IN PART.

Dated: March 2, 2007                                          /s/ Gregory M. Sleet
                                                                               UNITED STATES DISTRICT JUDGE